UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENDALL KEIVON JONES,

    Plaintiff,

v.                                                            Case No. 3:22cv6845-MCR-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Kendall Keivon Jones, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 relating to the conditions of confinement at the Escambia County Jail (the "Jail"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders, his failure to provide the Court with his current address, the Court's inability to communicate with Plaintiff because his whereabouts are unknown, and his failure to prosecute.

On June 24, 2022, Plaintiff filed a motion to proceed *in forma pauperis*. ECF Doc. 6. This motion was the last communication the Court has had with Plaintiff.

The Court granted the motion and ordered Plaintiff to pay an initial partial filing fee of $65.66.  ECF Doc. 7.  Plaintiff was advised failure to pay the fee could result in a recommendation that this action be dismissed.  *Id*.  The Court also ordered Plaintiff to notify the Court of any changes to his address within seven (7) days.[1]

Nonetheless, Plaintiff did not pay the fee, and the Court issued an Order, on July 27, 2022, allowing Plaintiff another fourteen (14) days to show cause why this case should not be dismissed.  ECF Doc. 8.  The July 27 Order, however, was returned undeliverable with a note on the envelope stating Plaintiff was released from the Jail on July 15, 2022.  ECF Doc. 9.  The clerk attempted to locate the Plaintiff, but Plaintiff's address is listed as "homeless" on the Jail's electronic database.  The failure of a party to advise the court of their current address is grounds for dismissal.  *See e.g., Gilbert v. Daniels,* 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint"); *Rodgers v. Smith*, 2020 WL 4044714, at *2 (S.D. Ala. June 16, 2020), *report and recommendation adopted*, 2020 WL 4043055 (S.D. Ala. July 17, 2020) (dismissing action because plaintiff failed to

---

[1] The Notice to Pro Se Litigants provided to Plaintiff also advised Plaintiff to update the Court of changes to his mailing address so he can receive court orders and warned Plaintiff failure to do so could result in dismissal.  ECF Doc. 2.

Case No. 3:22cv6845-MCR-HTC

update his address as specifically directed by the Court's § 1983 prisoner complaint form and thus gave the Court no means by which to communicate with him).

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, dismissal is appropriate here because Plaintiff has not (1) paid the initial partial filing fee or (2) updated the Court of his change of address as directed.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x

802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Finally, although the Court is skeptical Plaintiff will receive a copy of this Report and Recommendation, the clerk is directed to send a copy to Plaintiff at the Jail as that is the only address the Court has for Plaintiff.

Accordingly, it is respectfully RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of an address at which he can be reached.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this this 11th day of August, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.